# FREDERICK ARMSTRONG ET AL., Complainants,

*v.*

# ISABEL LOPEZ CRUZ ET AL., Respondents.

---

San Juan, Equity, No. 1092.

MORTGAGE FORECLOSURE.

Mortgage—Transferee Has Rights of Mortgagee.
> 1. A party to whom a mortgage is transferred has the same rights of foreclosure in case of default as the original mortgagee would have had in the absence of such transfer.

Mortgage—Death of Mortgagor Immaterial.
> 2. The fact that a mortgagor dies before foreclosure, leaving minor heirs, can in no way affect the right to foreclose which belongs to the lawful holder of such mortgage, provided the same be in default.

Mortgage—Court Allows Foreclosure—Fixes Terms.

3. Where real estate is in the possession of a receiver appointed by this court, and the holder of a mortgage applies for leave to foreclose said mortgage, it is the duty of this court to permit such bill of foreclosure to be filed, but the court will reserve the right to say when and under what terms and conditions such real estate shall be sold.

Opinion filed May 23, 1922.

*Mr. Jaime Sifre* for complainant.

*Mr. Jaime Sifre* and *Mr. J. Henri Brown* for Charles W. Fowler.

*Mr. O. B. Frazer* for minor heirs.

*Mr. H. G. Molina* for receiver.

ODLIN, Judge, delivered the following opinion:

It is conceded that Enrique Bird Arias, previous to the year 1919, purchased certain real estate in Porto Rico and as part payment therefor executed a mortgage to the seller for something like $550,000. On or about March 5, 1919, the said Enrique Bird Arias died, leaving a widow, three children who are now over twenty-one, and seven children who were then under twenty-one.

It is also conceded that certain payments were made upon the said mortgage and that the amount now due and unpaid is $365,000, more or less, and that there has been a default of the

payment on a certain instalment due upon said mortgage, either of principal or interest, or both.

By consent of the representative of the widow and all the heirs of said Enrique Bird Arias, this court in this proceeding appointed a receiver, on or about the 8th day of July, 1921. The purchase-money mortgage, above referred to, was transferred to Charles W. Fowler and he has asked leave to file a bill of foreclosure in this court. Opposition thereto has been filed by the said heirs of the deceased Enrique Bird Arias by a formal paper filed in the office of the clerk of the court on May 20, 1922, and there has likewise been presented to this court oral opposition to the petition by counsel for the receiver.

The court is of the opinion that it would be unjust to Charles W. Fowler to deny him the right to file this bill of foreclosure of the mortgage. It is my belief that Charles W. Fowler acted lawfully in acquiring this mortgage, even though he did not use his own personal funds for that purpose, but that he used funds which were contributed by a number of the creditors of the said Bird estate. I believe that any one creditor, or all the creditors, or any group of creditors, had a perfect legal right to purchase that mortgage if the holder of the mortgage was willing to sell it. I feel convinced that Charles W. Fowler to-day has exactly the same rights to apply to this court as the original owner of the property would have if he had not parted with his said purchase-money mortgage.

Emphasis has been laid upon the fact that seven of the children of the deceased Enrique Bird Arias are minors, and that this court should either deny or postpone indefinitely the application of Charles W. Fowler by reason of the minority of these seven heirs. I am not impressed by the force of this

.argument. It seems to me that if that were sound doctrine, no man could safely loan his money to any borrower except a corporation. If that doctrine were carried to its extreme it would mean that any person who loaned his money might be safe in his rights to enforce his lien as long as the borrower lived, but that if the borrower died, leaving one or more minor children and a default arose, his rights to enforce his lien would be seriously impaired, if not destroyed.

In conclusion, feeling convinced, as I do, that these minor heirs cannot have any greater rights in this court than their father would have were he living, and here in court today, I believe it is my duty to permit this bill of foreclosure to be filed, but the court, in permitting it to be filed, expressly reserves the right of its control over all questions touching the sale, not only of the property covered by this mortgage now held by Charles W. Fowler, but also respecting the sale of all of the property in the hands of the receiver.

The court believes that this receivership should be deemed as having been created to protect the rights of all the parties to this suit, and that if the claims of creditors can be paid by a careful and wise administration, or by a sale thereof, at a proper time, all the proceeds of such sale, after the satisfaction of the claims of all lawful creditors, should pass to the heirs of the deceased Bird; but to deny the right of Charles W. Fowler to file in this court his bill to foreclose a mortgage, which it is admitted is a first lien upon certain property, would in my opinion be a gross abuse of the discretion of this court.

It is so ordered.